## Calumet Gas Co. v. Stephen Creutz.

1. EVIDENCE—*Where Comparisons Are Not Competent.*—In actions for damages occasioned by leaving a ditch unprotected at night, it is not competent to show that the parties in charge of the ditch took the same precautions in placing signals to warn persons of its presence which other men in the same business ordinarily took.

**Action in Tort,** for injuries to a horse. Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. GEORGE W. BROWN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court, at the March term, 1898. Affirmed. Opinion filed January 24, 1899.

### STATEMENT.

This is an action in tort for injuries to a horse; it was begun in a justice's court, carried to the Circuit Court, where

plaintiff recovered a judgment for $75. It now comes before this court on appeal.

The facts in the case are as follows: October 14, 1895, the Calumet Gas Company dug a ditch on Coles avenue, beginning at a point ten or twelve feet south of Cheltenham place and extending north about 200 feet. There was at that time a permanent city drain ditch on the west side of the roadway on Coles avenue. The Gas Company built their ditch on the east side of the city ditch. It had been dug during the daytime in the absence of appellee, who had no knowledge of its having been dug. The ditches were close together, so close, in fact, that the tops of the two were together. About ninety feet from Cheltenham place there was a private way ten feet wide which led to the plaintiff's barn. This way is referred to as an alley. The city drain ditch was covered in front of the alley by a culvert ten feet wide. Before leaving the ditch, October 14th, the defendant's servants filled in a space eighteen feet wide in front of the alley and packed the dirt down hard. This made a filling extending four feet beyond each end of the culvert. Both ditches were dug along the roadside. The defendant's servants placed lighted red lanterns on sticks at each end of the ditch as at first dug, the one at the south end being something less than eighty feet from the end of the alley. The light was at all times in full view. They placed no lights at the alley. October 14th, at about 7 p. m., the plaintiff started to ride to South Chicago on horseback, and his horse fell into the ditch and was injured, for which injury the plaintiff seeks to recover.

The light at the south end (the direction in which plaintiff started to go and the part of the ditch his horse fell into) could be seen by any one coming out of the alley.

Green, Honore & Peters, attorneys for appellant.

John E. Anderson, attorney for appellee.

Mr. Justice Horton delivered the opinion of the court. The first point made by appellant is that the verdict is

contrary to the evidence. The testimony is conflicting upon material points. No objection is presented as to instructions given or refused. A city ordinance provides that any person using any portion of the street, etc., shall cause a red light to be placed " at either end " of any obstruction. Appellant dug a ditch in Coles avenue from near Cheltenham place to a point about 200 feet north of the starting point. It then filled this ditch a distance of eighteen feet in front of the alley from which appellee came onto Coles avenue. There were then two ditches in Coles avenue dug by appellant, one running from the alley south and the other from the alley north. There was a red light at the south end of the original ditch and one at the north end. No such lights were placed at the ends of the two ditches at or near the alley.

The case was fully and fairly presented to the jury. and their finding upon the questions of fact we are not inclined to disturb.

It is contended by appellant that the court erred in excluding testimony offered by it to show that it took "the same precautions which men in the same business ordinarily took." The alleged error occurred during the examination as a witness, of the city inspector on duty in Coles avenue at that time. The record is as follows :

" Q.   And you considered that everything had been done right?   A.   I did, sir.
" Q.   Did you take precautions that you usually take ? A.   Always; yes, sir.
" Q.   Did they take the same precautions which men in the same business ordinarily took ? "

To this last question the court sustained an objection, to which ruling appellant excepted. It does not seem to us that there was any error in this ruling. Whether it is ever permissible to make the comparison here sought to be made is, to say the least, doubtful. The only authorities cited to sustain that contention are Massachusetts cases. But those cases do not hold that the question in the case at bar, in the form the same is presented, is proper. At least one of those cases holds that different degrees of care in different locali-

ties depend upon a great variety of circumstances. And the question must be limited to the same vicinity and to property similarly situated or under similar circumstances. The answer to the question in this record might have been based upon what men did in London, or some other foreign city, and under circumstances entirely different, and as to property differently situated, and where there were different laws or ordinances. The trial court did not err in sustaining said objection. C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330, 335.

Perceiving no reversible error, the judgment of the Circuit Court is affirmed.